Dear Chairman Timberlake,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does the language in the Uniform Building Code Commission Act ("Act") creating the Uniform Building Code Commission "within the Construction Industries Board" imply that the Construction Industries Board ("CIB") has the authority to control, manage, keep, budget or expend funds in the Oklahoma Uniform Building Code Commission Revolving Fund, or require the CIB's approval of the Uniform Building Code Commission's budgeting or expenditure of such funds?
 2. Does the language in the Act creating the Uniform Building Code Commission "within the Construction Industries Board" and the Legislature's codification of the Act in Title 59 subject the Uniform Building Code Commission to pay ten percent (10%) of all gross fees it collects into the General Revenue Fund pursuant to 62 O.S.Supp. 2009, § 211?
 3. If your answer to question two is in the affirmative, would the requirement to pay ten percent (10%) of the collected gross fees into the General Revenue Fund apply to all fees collected by the Uniform Building Code Commission pursuant to the state building permit fee, or only those fees collected for building permits where the State of Oklahoma has created a state board to regulate and otherwise prescribe standards, practices and procedures in a profession, occupation or vocation for the activity requiring the permit?
 4. In light of 59 O.S.Supp. 2009, § 1000.25[59-1000.25] (B)(4), (6)-(8), may permit fees collected by state agencies, municipalities or political subdivisions for the Uniform Building Code Commission pursuant to the Act be remitted to a state agency other than the State Treasurer, such as the Uniform Building Code Commission, CIB or Office of State Finance, or must those fees be remitted directly to the State Treasurers's Office?
¶ 1 The 2009 Legislature passed the Oklahoma Uniform Building Code Commission Act[1] ("Act"), 59 O.S.Supp. 2009, §§ 1000.20[59-1000.20] — 1000.29, that creates the Uniform Building Code Commission ("Commission"). Id. § 1000.21(A)(1). The purpose of the Commission is to review and adopt all building codes for residential and commercial construction to be used as minimum standards by all entities throughout Oklahoma. Id. § 1000.23(A).
 I.
¶ 2 You first ask if the language in the Act creating the Commission "within the Construction Industries Board" implies that the CIB has the authority to control, manage, keep, budget or expend funds in the Oklahoma Uniform Building Code Commission Revolving Fund, or requires the CIB's approval of the Commission's budgeting or expenditure of such funds.
¶ 3 Your question arises out of the enabling language of 59 O.S.Supp.2009, § 1000.21[59-1000.21]:
 A. 1. There is hereby created the Oklahoma Uniform Building Code Commission within the Construction Industries Board which shall consist of eleven (11) members, nine of whom shall be appointed by the Governor with the advice and consent of the Senate [from seven designated groups for staggered terms of four years]:
 . . . .
 B. The remaining two members of the Commission shall be the State Fire Marshal, or a designee, and an appointee of the Construction Industries Board.
Id. (emphasis added).
¶ 4 "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. Indep. Sch. Dist.No. 16, 648 P.2d 26, 29 (Okla. 1982). As the analysis below will show the Commission has been given sufficient powers to fully carry out all of its statutory duties over the long term without assistance or resources being required of the CIB. The Legislature's use of the wording "within the Construction Industries Board" appears to indicate an intent that the CIB's involvement with the Commission be only minimal, possibly administrative assistance, if any. The analysis below compares the statutory powers of the Commission to those of the CIB.
¶ 5 The Commission's primary mission is to set minimum building code standards in this State:
 A. The Oklahoma Uniform Building Code Commission shall have the power and the duty to review and adopt all building codes for residential and commercial construction to be used by all entities within this state. Codes and standards adopted by the Commission shall be the minimum standards for residential and commercial construction in this state.
 B. All public projects shall abide by such minimum standards and requirements; provided, nothing in this act shall prevent or take away from state agencies the authority to enact and enforce requirements containing higher standards and requirements than such minimum standards and requirements.
 C. Municipalities and other political subdivisions shall abide by such minimum standards and requirements; provided, nothing in this act shall prevent or take away from such municipalities and other political subdivisions the authority to enact and enforce requirements containing higher standards and requirements than such minimum standards and requirements.
59 O.S.Supp. 2009, § 1000.23[59-1000.23] (emphasis added) (footnote omitted).
¶ 6 To accomplish this mission, the Legislature has given the Commission a broad range of powers and duties and a self-sustaining revenue source that is summarized below:
 The Commission shall hold regular meetings at least quarterly and may hold other meetings as it deems necessary. "A majority of the members of the Commission shall constitute a quorum for the transaction of business." Id. § 1000.22(1).
 The Commission hires a Chief Executive Officer who shall:
 a. keep a record of all proceedings of the Commission and certify to actions of the Commission,
 b. oversee the receipt and deposit of all monies received by the Commission in the appropriate revolving funds,
 c. submit, at the first regular meeting of the Commission after the end of each fiscal year, a fully itemized report of the receipts and disbursements for the prior fiscal year, showing the amount of funds on hand, and
 d. perform such other duties as are prescribed in this act or as may be prescribed by the Commission.
Id. § 1000.22(4) (footnote omitted).
 The Commission is subject to the Oklahoma Open Meeting Act, Oklahoma Open Records Act, Administrative Procedures Act and Governmental Tort Claims Act. Id.
§ 1000.22(5), (7).
 The Commission is empowered to promulgate rules as may be necessary to perform its duties under the Act. Id.
§ 1000.24(A)(1).
 "[T]he Commission shall have the power to enforce the provisions of the [Act]." Id. § 1000.24(A)(2).
 The Commission is empowered to:
 1. Exercise all incidental powers and duties which are necessary to effectuate the provisions of the [Act];
 2. Adopt and have an official seal;
 3. Maintain an administrative staff, including, but not limited to, an Oklahoma Uniform Building Code Commission Chief Executive Officer;
 4. Direct such other expenditures as may be necessary in the performance of its duties, including, but not limited to, expenditures for office space, equipment, furnishings and contracts for services . . .;
 5. Appoint technical committees to review and recommend for adoption all building codes . . .; and
 6. Create a website listing all building codes adopted by the Commission.
Id. 1000.24(B).
 The Commission shall account for all monies of the Commission, including publishing an annual statement to be audited by the State Auditor and Inspector or an independent accounting firm. Id.§ 1000.24(C).
 "The Oklahoma Uniform Building Code Commission shall establish a system of fees to be charged for the issuance and renewal of any construction permits issued by any agency, municipality, or other political subdivision of this state [subject to certain limitations and pursuant to its rule making authority]." Id. § 1000.25(A).
 "The Commission shall charge fees for building permits and renewal of such permits issued by any state agency, municipality, or other political subdivision of this state which authorized work governed by codes within the purview of the Commission only within [certain ranges]" (id. § 1000.25(B)(2)) and pursuant to Section 1000.25(B)(3), (4) such fee shall be collected and deposited on a monthly basis directly to the State Treasury for deposit in the Oklahoma Uniform Building Code Commission Revolving Fund.
 The Oklahoma Uniform Building Code Commission Revolving Fund, created by Section 1000.28, "shall consist of all fees or payments of any type received by the Commission" and the fees "may be budgeted and expended by the Commission" to implement the Act. Id.
(emphasis added).
 The Commission may hire and fire a Chief Executive Officer, and all its employees are to be in the unclassified service. Id. § 1000.26(A), (C).
 The Attorney General is the Commission's legal advisor. Id. § 1000.27.
¶ 7 The CIB is created by 59 O.S.Supp. 2009, § 1000.2[59-1000.2], and it regulates the plumbing, electrical and mechanical trades, and building and construction inspectors. Id. § 1000.4(A)(2). The CIB is composed of seven members, two from the plumbing trade, two from the electrical trade, two from the mechanical trade, and one is a building and construction inspector. Id. § 1000.2(B). The CIB has an administrator to keep records of its proceedings and funds, and such other duties as assigned by the CIB. Id. § 1000.3(A)(4). The CIB is subject to the Open Meetings Act, Open Records Act, Administrative Procedures Act, and Governmental Torts Claims Act. Id. § 1000.3(B), (D).
¶ 8 The CIB is funded through five revolving funds: the Home Inspection Licensing Act Revolving Fund, [2] Plumbing Licensing Revolving Fund, [3] Oklahoma Inspectors Revolving Fund, [4]
Electrical Revolving Fund, [5] and Oklahoma Mechanical Licensing Revolving Fund.[6] An examination of these revolving fund statutes shows that the CIB is expressly identified to receive the funds generated by the particular licensing act, and it is authorized to budget and spend those funds for the particular purposes of the individual licensing acts. The Uniform Building Code Commission Revolving Fund clearly states that it shall consist of fees or payments received by the Commission, and the Commission may budget and spend those funds to implement the Act.Id. § 1000.28. The statute makes no mention of the CIB. Id. If the Legislature had intended for the CIB to control, manage, keep, budget or spend the fund, it could have said so as it did in the other five revolving fund statutes identified above. We also note that of the eleven Commission member positions one is to be the "appointee" of the CIB. Id.
§ 1000.21(B). This suggests the CIB's input, but not its control.[7]
¶ 9 We conclude that only the Commission has statutory authority to budget and spend monies accruing in the Uniform Building Code Commission Revolving Fund, and the CIB has no authority to control, manage, keep, budget or spend any monies in the fund. Therefore, the language in the Act creating the Commission "within the Construction Industries Board" does not give the CIB authority to control, manage, keep, budget or expend funds in the Oklahoma Uniform Building Code Commission Revolving Fund or require the CIB's approval of the Commission's budgeting or expenditure of such funds.
 II.
¶ 10 You next ask if the language in the Act creating the Commission "within the Construction Industries Board" and the Legislature's codification of the Act in Title 59 subjects the Commission to pay ten percent (10%) of all gross fees it collects into the General Revenue Fund pursuant to 62 O.S.Supp. 2009, § 211[62-211].
¶ 11 Section 211 provides:
 Unless otherwise provided by law, all self-sustaining boards created by statute to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation, shall at the close of each fiscal year hereafter file with the Governor and the State Auditor and Inspector a true and correct report of all fees charged, collected and received during the previous fiscal year and shall pay into the General Revenue Fund of the State ten percent (10%) of the gross fees so charged, collected and received by such board.
Id. (emphasis added).
¶ 12 As stated above in part I, the Commission's mission is to set minimum building code standards in this State:
 The Oklahoma Uniform Building Code Commission shall have the power and the duty to review and adopt all building codes for residential and commercial construction to be used by all entities within this state. Codes and standards adopted by the Commission shall be the minimum standards for residential and commercial construction in this state.
59 O.S.Supp. 2009, § 1000.23[59-1000.23](A) (emphasis added).
¶ 13 The Commission is required to establish a system of fees to be charged for the issuance and renewal of any construction permits issued by any agency, municipality or other political subdivision of this State, subject to certain limitations and pursuant to its rule making authority. Id. § 1000.25(A). "The Commission shall charge fees for building permits and renewal of such permits issued by any state agency, municipality, or other political subdivision of this state which authorized work governed by codes within the purview of the Commission only within [certain ranges,]"[8] and pursuant to Section 1000.25(B)(3), (4), such fees shall be collected and deposited on a monthly basis directly to the State Treasury for deposit in the Oklahoma Uniform Building Code Commission Revolving Fund.
¶ 14 The Commission's mission to establish building codes for residential and commercial construction relates to the health and safety of the facility being constructed. It does not relate to the subject of62 O.S.Supp. 2009, § 211[62-211], to regulate and prescribe standards, practices, and procedures in any profession, occupation or vocation. Although Title 59 of the Oklahoma Statutes is named "Professions and Occupations," the mere placement of the Act within Title 59 does not in and of itself classify the Commission's activities as regulating a "profession, occupation or vocation" as those terms are used in 62O.S.Supp. 2009, § 211[62-211]. Therefore, the fees collected by the Commission pursuant to 59 O.S.Supp. 2009, § 1000.25[59-1000.25], are not subject to the ten percent (10.0%) assessment to the general revenue fund imposed by 62 O.S.Supp. 2009, § 211[62-211].
 III.
¶ 15 Because our answer to your second question was in the negative there is no analysis needed for your third question.
 IV.
¶ 16 You last ask in light of 59 O.S.Supp. 2009, § 1000.25[59-1000.25]
(B)(4), (6) — (8), may permit fees, collected by state agencies, municipalities or political subdivisions for the Commission pursuant to the Act, be remitted to a state agency other than the State Treasurer, such as the Commission, CIB or Office of State Finance, or must those fees be remitted directly to the State Treasurer's Office?
¶ 17 All fees collected under the Act by:
 4. The state agency, municipality or other political subdivision shall remit the monies in the [collection] account on a monthly basis directly to the State Treasury for deposit in the Oklahoma Uniform Building Code Commission Revolving Fund. . . . Along with the deposits required by this paragraph, each state agency, municipality or other political subdivision shall also submit a report stating the total amount of funds collected and the total number of fees imposed
during the preceding month. The report shall be made on computerized or manual disposition reports as provided by rule of the Commission;
 . . . .
 6. Any state agency, municipality or other political subdivision collecting and remitting fees pursuant to this section may levy a fee up to fifty cents ($.50) for every construction permit or renewal permit issued. These monies shall be deposited into an account for the sole use of the state agency, municipality or other political subdivision. The state agency, municipality or other political subdivision shall state the total amount of funds collected and the total number of fees imposed to the State Treasury in the report required by paragraph 4 of this section;
 7. It shall be the responsibility of the state agency, municipality or other political subdivision to account for and ensure the correctness and accuracy of payments made to the State Treasury pursuant to this title; and
 8. Funds collected by a state agency, municipality or other political subdivision and remitted to the State Treasury pursuant to the Oklahoma Uniform Building Code Commission Act shall be deposited in the Oklahoma Uniform Building Code Commission Revolving Fund and shall be used solely for the purposes of the Oklahoma Uniform Building Code Commission Act.
Id. § 1000.25(B) (emphasis added).
¶ 18 Language in the revolving fund statute states that the Fund "shall consist of all fees or payments of any type received by the Commission." Id. § 1000.28. However, Section 1000.25 provides a detailed methodology for any state agency, municipality or other political subdivision collecting fees due under the Act to account for those fees and to remit them to the State Treasury. Therefore, we conclude that the Legislature intends that all fees collected under the Act must be remitted "directly" to the State Treasurer's Office for deposit into the Fund. Any other monies that the Commission might be entitled to or receives may be processed by it, and then sent to the Treasurer's Office for deposit under Section 1000.28.
 ¶ 19 It is, therefore, the official Opinion of the Attorney General that:
 1. The language in the Uniform Building Code Commission Act, creating the Uniform Building Code Commission "within the Construction Industries Board," does not give the Construction Industries Board authority to control, manage, keep, budget or expend funds in the Oklahoma Uniform Building Code Commission Revolving Fund, or require the Construction Industries Board's approval of the Oklahoma Uniform Building Code Commission's budgeting or expenditure of such funds. 59 O.S.Supp. 2009, § 1000.21[59-1000.21].
 2. Because building codes for residential and commercial construction relate to the health and safety of the facility being constructed and not to any profession, occupation or vocation, the fees collected by the Commission pursuant to 59 O.S.Supp. 2009, § 1000.25[59-1000.25], are not subject to the ten percent (10.0%) assessment to the General Fund imposed by 62 O.S.Supp. 2009, § 211[62-211].
 3. All fees collected under the Uniform Building Code Commission Act must be remitted "directly" only to the State Treasurer's Office for deposit into the Uniform Building Code Commission Fund. Any other monies the Commission might be entitled to or receives may be processed by it and then sent to the State Treasurer's Office for deposit. 59 O.S.Supp. 2009, §§ 1000.25[ 59-1000.25], 1000.28.
W.A. DREW EDMONDSON Attorney General of Oklahoma
JOHN CRITTENDEN Assistant Attorney General
[1] See 2009 Okla. Sess. Laws ch. 439, §§ 2 — 11.
[2] "[A] revolving fund for the Construction Industries Board, to be designated the `Home Inspection Licensing Act Revolving Fund'. . . . [And it is] appropriated and may be budgeted and expended by the Board. . . ."59 O.S.Supp. 2009, § 858-626[59-858-626].
[3] "[All monies] received by the Construction Industries Board under The Plumbing License Law of 1955 shall be deposited in . . . the `Plumbing Licensing Revolving Fund' and are hereby appropriated and may be expended by the Construction Industries Board. . . ."Id. § 1018.
[4] "[A] revolving fund for the Construction Industries Board, to be designated the `Oklahoma Inspectors Revolving Fund'. . . . [And it is] appropriated and may be budgeted and expended by the Construction Industries Board. . . ." Id. § 1042.
[5] All monies received by the Construction Industries Board under the Electrical License Act, . . . shall be deposited with the State Treasurer and credited to the `Electrical Revolving Fund'. . . . [And it] may be budgeted and expended by the Construction Industries Board." Id. § 1694.
[6] "[A] revolving fund for the Construction Industries Board, to be designated the `Oklahoma Mechanical Licensing Revolving Fund'. . . . [A]nd may be budgeted and expended by the Construction Industries Board. . . ." Id. § 1850.13.
[7] By emergency declaration the Act became effective June 2, 2009, and no initial funding was appropriated to the Commission for its startup activities. See 2009 Okla. Sess. Laws ch. 439, §§ 2 — 11, 22. Although the Commission was statutorily authorized to adopt administrative rules beginning July 1, 2009, it could not begin to enforce the Act until October 1, 2009, including the collection of fees. Id. §§ 1000.24(A)(1), (2), (C); 1000.25(B). Because the Commission had no initial funding or other resources, we believe the "within the Construction Industries Board" language could have been the Legislature's method of providing minimal administrative services to the Commission to assist its startup.
[8] Id. § 1000.25(B)(2). *Page 1